## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JUAN DEBRAND, and
JO DEBRAND,
individuals,

            Case No.:

  Plaintiffs,

v.

DISCOVER PRODUCTS, INC.,
d/b/a DISCOVER BANK,
a/k/a DFS SERVICES, LLC,
a foreign for-profit corporation,

  Defendant.

_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, JUAN DEBRAND (hereinafter, "Mr. DeBrand") and JO

DEBRAND (hereinafter, "Mrs. DeBrand") (hereinafter collectively, "Plaintiffs"), by and through

the undersigned counsel, and hereby sue Defendant, DISCOVER PRODUCTS, INC., d/b/a

DISCOVER BANK, a/k/a DFS SERVICES, LLC (hereinafter, "Defendant").  In support thereof,

Plaintiffs state:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations

of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the

"FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227

(hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28

United States Code, Section 1331, and supplemental jurisdiction exists for the FCCPA claims

1

pursuant to 28 United States Code, Section 1367.

2.      Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

3.      At all material times herein, the conduct of Defendant, complained of below, occurs in Polk County, Florida.

4.      At all material times herein, Plaintiffs are each an individual residing in Polk County, Florida.

5.      At all material times herein, Defendant is a foreign for-profit corporation with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015, that, itself and through its subsidiaries, regularly extends credit cards to consumers in Polk County, Florida.

## FCCPA STATUTORY STRUCTURE

6.      The FCCPA is a state consumer protection statute, modeled after the Fair Debt Collection Practices Act, 15 United States Code, Section 1692, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C. §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

7.      The FCCPA imposes liability on any creditor/person as well as any debt collector and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts.  15 U.S.C. § 1692(a); Fla. Stat. § 559.55.

8.      Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*."  15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

9.      Further, the FCCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, and prohibits a person from communicating directly with a debtor known to be represented by an attorney in an attempt to collect a consumer debt.  *See* 15 U.S.C. §§ 1692(c)-(d) and Fla. Stat. §§ 559.72(7) and (18).

## TCPA STATUTORY STRUCTURE

10.     Congress enacted the TCPA in an effort to restrict pervasive use of automated or prerecorded telephone calls that invade consumers' personal privacy.  Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1), (5), and (10).

11.     Congress intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at §§ (5) and (12).

12.     Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater.  47 U.S.C. § 227(b)(3)(B).

13.     Under the TCPA, the court may increase the damage award up to three (3) times, or up to $1,500.00, for each willful or knowing violation of the TCPA.  *Id* at § 227(b)(3)(C).

14.     Furthermore, the Restrictions on Use of Telephone Provision, 47, United States Code, Section 227(b)(1) prohibits any person:

> (A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a

3

> paging service, cellular telephone service, … or any service for
> which the called party is charged for the call.

15.     Additionally, Plaintiffs allege that Defendant's continued calls to their Cellular Telephone after January 4, 2017 using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV") were placed in violation of the FCC Rule, 47 C.F.R. Section 64.1200(a)(1).

16.     One of the regulations prescribed under the TCPA is the Federal Communications Commission ("FCC")'s rule, 47 C.F.R Section 64.1200 ("FCC Rule"), that implements the TCPA. The FCC originally promulgated the FCC Rule in 1992, since which time it has subsequently been amended as telecommunications technology has changed.

17.     In its current state, the FCC Rule, 47 C.F.R. § 64.1200, provides, in relevant part, that:

> (a) No person or entity may:
>
> (1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

## GENERAL ALLEGATIONS

18.     At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

19.     At all material times herein, Plaintiffs are each a "debtor" or "consumer" or an

alleged "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

20.     At all material times herein, Defendant attempts to collect a debt, including but not limited to, a balance allegedly due on a consumer credit card referenced by account number ending in -9116 (hereinafter, the "Debt").

21.     At all material times herein, the Debt is a consumer debt, an alleged obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

22.     At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. §§ 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

23.     At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

24.     At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25.     All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

26.     Defendant made telephone calls, as more specifically alleged below, to Mrs. DeBrand's cellular telephone number 352-XXX-2091 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

27.     Mrs. DeBrand is the possessor, controller, and regular user of a Cellular Telephone

with assigned telephone number 352-XXX-2091.

28.     At no time herein did Defendant possess Plaintiffs' prior express consent to call Mrs. DeBrand's Cellular Telephone or Mr. DeBrand's cellular telephone using an ATDS, a PTDS, or an APV.

29.     Further, if Defendant contends it did possess such consent at one point in time, Plaintiffs nonetheless repeatedly revoked any alleged prior existing express consent the moment Plaintiffs demanded that Defendant cease calling Plaintiffs and again revoked any alleged prior express consent the moment Plaintiffs advised Defendant that they were represented by an attorney with respect to the Debt and provided Defendant with said attorney's contact information.

30.     Additionally, if Defendant contends the below-referenced phone calls were made for "informational purposes only," Defendant nevertheless lacked the required prior express written consent necessary to place such informational calls to Mrs. DeBrand's Cellular Telephone or Mr. DeBrand's cellular telephone using an ATDS, a PTDS, or an APV.

31.     On or before March 2, 2018, Plaintiffs retained The Law Offices of Eva M. Donohue, P.A. (hereinafter, "Eva Donohue") with respect to their debts generally, including the Debt.

32.     On or about March 2, 2018, Plaintiffs sent Defendant a facsimile transmission (hereinafter, "Fax of Representation").   Please see a true and correct copy of the Fax of Representation and facsimile delivery confirmation labeled as Exhibit "A."

33.     Defendant received the Fax of Representation

34.     The Fax of Representation provided Defendant with actual knowledge of Eva Donohue's representation of Plaintiffs with respect to the Debt, provided Defendant with actual knowledge of Eva Donohue's contact information, and advised that any further communications regarding the Debt should be sent to Eva Donohue's office.  *See* Ex. "A."

35.    Defendant made telephone calls to Mrs. DeBrand's Cellular Telephone from telephone number 614-758-2142 on the following dates and times:

(a)    11/19/2018    4:32 pm

(b)    11/19/2018    8:54 pm

(c)    11/21/2018    10:39 am

(d)    11/21/2018    1:38 pm

(e)    11/21/2018    2:42 pm

(f)    11/21/2018    4:08 pm

(g)    11/23/2018    9:58 am

(h)    11/23/2018    11:35 am

(i)    11/23/2018    4:55 pm

(j)    11/23/2018    6:54 pm

(k)    11/24/2018    8:13 am

(l)    11/24/2018    9:19 am

(m)    11/24/2018    12:40 pm

(n)    11/25/2018    9:32 am

(o)    11/25/2018    10:58 am

(p)    11/25/2018    12:31 pm

(q)    11/26/2018    8:57 am

(r)    11/26/2018    10:53 am

(s)    11/26/2018    4:02 pm

(t)    11/26/2018    6:35 pm

(u)    11/26/2018    8:36 pm

(v)    11/27/2018    8:13 am

| (w) | 11/27/2018 | 10:26 am |
| (x) | 11/27/2018 | 12:59 pm |
| (y) | 11/27/2018 | 5:50 pm |
| (z) | 11/28/2018 | 9:35 am |
| (aa) | 11/28/2018 | 11:16 am |
| (bb) | 11/28/2018 | 3:40 pm |
| (cc) | 11/28/2018 | 7:45 pm |
| (dd) | 11/29/2018 | 9:03 am |
| (ee) | 11/29/2018 | 10:53 am |
| (ff) | 11/29/2018 | 1:25 pm |
| (gg) | 11/29/2018 | 6:00 pm |
| (hh) | 11/30/2018 | 8:51 am |
| (ii) | 11/30/2018 | 3:24 pm |
| (jj) | 11/30/2018 | 6:05 pm |
| (kk) | 11/30/2018 | 8:07 pm |

36.     Defendant made each of the telephone calls referenced in paragraph thirty-five (35) above to Mrs. DeBrand's Cellular Telephone using an ATDS, PTDS, or APV.

37.     Defendant made each of the telephone calls referenced in paragraph thirty-five (35) above to Mrs. DeBrand's Cellular Telephone in an attempt to collect the Debt.

38.     Defendant made each of the telephone calls referenced in paragraph thirty-five (35) above directly to Mrs. DeBrand's Cellular Telephone despite Defendant possessing actual knowledge of Eva Donohue's Legal Representation of Plaintiffs with respect to the Debt and despite Defendant possessing Eva Donohue's contact information.

39.     Additionally, Defendant made telephone calls to Mrs. DeBrand's Cellular

8

Telephone from telephone number 480-481-1841 on the following dates and times:

| | | |
|---|---|---|
| (a) | 11/08/2018 | 8:23 am |
| (b) | 11/08/2018 | 10:11 am |
| (c) | 11/08/2018 | 5:34 pm |
| (d) | 11/08/2018 | 8:44pm |
| (e) | 11/09/2018 | 8:12 am |
| (f) | 11/09/2018 | 11:30 am |
| (g) | 11/09/2018 | 2:36 pm |
| (h) | 11/09/2018 | 5:09 pm |
| (i) | 11/09/2018 | 6:41 pm |
| (j) | 11/10/2018 | 8:08 am |
| (k) | 11/10/2018 | 9:51 am |
| (l) | 11/10/2018 | 11:13 am |
| (m) | 11/12/2018 | 10:40 am |
| (n) | 11/12/2018 | 1:32 pm |
| (o) | 11/12/2018 | 5:11 pm |
| (p) | 11/12/2018 | 8:33 pm |
| (q) | 11/13/2018 | 8:50 am |
| (r) | 11/13/2018 | 12:48 pm |
| (s) | 11/13/2018 | 4:11 pm |
| (t) | 11/13/2018 | 5:58 pm |
| (u) | 11/13/2018 | 8:58 pm |
| (v) | 11/15/2018 | 11:15 am |
| (w) | 11/15/2018 | 12:55 pm |

(x)   11/15/2018   5:00 pm

(y)   11/15/2018   6:55 pm

(z)   11/16/2018   8:53 am

(aa)  11/16/2018   11:21 am

(bb)  11/16/2018   5:05 pm

(cc)  11/16/2018   8:06 pm

(dd)  11/17/2018   8:34 am

(ee)  11/17/2018   10:27 am

(ff)  11/17/2018   11:53 am

40.    Defendant made each of the telephone calls referenced in paragraph thirty-nine (39) above to Mrs. DeBrand's Cellular Telephone using an ATDS, PTDS, or APV.

41.    Defendant made each of the telephone calls referenced in paragraph thirty-nine (39) above to Mrs. DeBrand's Cellular Telephone in an attempt to collect the Debt.

42.    Defendant made each of the telephone calls referenced in paragraph thirty-nine (39) above directly to Mrs. DeBrand's Cellular Telephone despite Defendant possessing actual knowledge of Eva Donohue's Legal Representation of Plaintiffs with respect to the Debt and despite Defendant possessing Eva Donohue's contact information.

43.    On or about November 7, 2018, despite Defendant possessing actual knowledge of Eva Donohue's legal representation of Plaintiffs with respect to the Debt and possessing Eva Donohue's contact information, Defendant sent a collection letter directly to Mr. DeBrand in an attempt to collect the Debt.  Please see a true and correct copy of said billing statement labeled as Exhibit "B."

44.    On or about December 9, 2018, Defendant sent *at least* three (3) text messages to Mrs. DeBrand's Cellular Telephone within five (5) minutes using an ATDS, PTDS, or APV.

10

Please see true and correct copies of said text messages labeled as Exhibit "C."

45.      Defendant sent the immediately-aforementioned text messages in an attempt to collect the Debt directly from Plaintiff.

46.      On or before December 13, 2018, Defendant turned the Debt over to Brock & Scott, PLLC (hereinafter, "B&S") for collection.

47.      When Defendant turned the Debt over to B&S for collection, consistent with its legal duty to do so, Defendant advised B&S of Eva Donohue's legal representation of Plaintiff with respect to the Debt and provided B&S with Eva Donohue's contact information.

48.      On or about December 13, 2018, despite possessing actual knowledge of Eva Donohue's legal representation of Plaintiffs with respect to the Debt and possessing Eva Donohue's contact information, B&S sent a collection letter directly to Mr. DeBrand in an attempt to collect the Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "D."

49.      B&S sent the immediately-aforementioned collection letter on Defendant's behalf as Defendant's authorized agent, and sent the letter with Defendant's consent, knowledge, and approval.

50.      B&S's letter sent to Mr. DeBrand dated December 13, 2018 constitutes an indirect attempt to collect the Debt from Mr. DeBrand by Defendant.

51.      As a direct result of Defendant's actions, Plaintiffs suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that demanding that Defendant cease calling Plaintiffs regarding the Debt was wholly ineffective, that retaining Eva Donohue with respect to the Debt and advising Defendant of the same was wholly ineffective, and that the frequent, repeated debt collection attempts—circumventing Eva Donohue's legal representation of Plaintiffs with respect to the Debt—would simply have to be endured.

11

52.     It is Defendant's corporate policy to use an ATDS, a PTDS, or an APV when attempting to collect consumer debts, including the Debt (hereinafter, "Corporate Policy").

53.     Defendant employed its Corporate Policy of using an ATDS, a PTDS, or an APV when Defendant made the calls to Mrs. DeBrand's Cellular Telephone in this case.

54.     Defendant made the calls to Mrs. DeBrand's Cellular Telephone with no effective way for Mrs. DeBrand to remove her Cellular Telephone number from Defendant's telephone dialing system.

55.     Defendant made calls, or caused calls to be made, to Mrs. DeBrand with no effective way for Defendant to remove the telephone number from Defendant's telephone dialing system.

56.     Defendant's Corporate Policy provides no effective way for a consumer to effectively revoke any prior existing consent to be called by an ATDS, PTDS, or APV to make Defendant cease calling Cellular Telephone.

57.     Defendant's Corporate Policy and procedures are structured as to continue to call individuals, like Plaintiffs, using an ATDS, a PTDS, or an APV, regardless of how many times said individuals and request cease calling a cellular telephone regarding a debt owed to Defendant.

58.     Upon information and belief, Defendant engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an ATDS, a PTDS, or an APV despite lacking consumers' prior express consent to do so.

59.     Defendant willfully, knowingly and repeatedly undertakes these practices to increase revenue and profitability at the direct expense of consumers' livelihoods and privacy.

60.     Plaintiffs have not been able, due to both professional and personal commitments, as  well as the continued and increasing stress associated with the continued barrage of Debt

collection calls, to record the specifics (as done above) on each and every call made to Plaintiffs. Plaintiffs assert, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiffs.

61.     Plaintiffs retained Eva Donohue and Leavengood, Dauval & Boyle, P.A. d/b/a LeavenLaw, for the purpose of pursuing this matter against Defendant, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

62.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendant.

63.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made, directly or indirectly, using any ATDS, PTDS, or APV to Mrs. DeBrand's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

64.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made, directly or indirectly, using any ATDS, PTDS, or APV to Mrs. DeBrand's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

65.     As of the date of this complaint, Defendant did not initiate a law suit in an effort to collect the Debt. Likewise, no final judgment with respect to the Debt has been obtained by, or transferred to, Defendant.

### COUNT ONE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)

Plaintiffs re-allege paragraphs one (1) through sixty-five (65) as if fully restated herein and

further state as follows:

66.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

67.     Specifically, despite Defendant receiving the Fax of Representation which provided explicit notice that Plaintiffs retained Eva Donohue with respect to the Debt and provided Defendant with Eva Donohue's contact information, and revoked any prior express consent, Defendant made *at least* sixty-nine (69) calls to Mrs. DeBrand's Cellular Telephone using an ATDS, PTDS, or APV in November 2018 in its attempts to collect the Debt.

68.     More specifically, Defendant made *at least* thirty-two (32) calls to Mrs. DeBrand's Cellular Telephone from telephone number 480-481-1841 between November 8, 2018 and November 17, 2018, calling Mrs. DeBrand up to five (5) times per day.

69.     Similarly, Defendant made *at least* thirty-seven (37) calls to Mrs. DeBrand's Cellular Telephone from telephone number 614-758-2142 between November 19, 2018 and November 30, 2018, calling Mrs. DeBrand up to four (4) times per day.

70.     Also, Defendant sent *at least* three (3) text messages to Mrs. DeBrand's Cellular Telephone on December 6, 2018 regarding the Debt and sent all three (3) messages within five (5) minutes.

71.     Further, despite Plaintiffs advising Defendant that they retained Eva Donohue with respect to the Debt and providing Defendant with Eva Donohue's contact information, Defendant continued to call Mrs. DeBrand's Cellular Telephone and continued to send written communications directly to Mr. DeBrand in an attempt to collect the Debt, including communications from Defendant's Debt collector and authorized agent, B&S.

72.     B&S sent the immediately-aforementioned collection letter on Defendant's behalf

as Defendant's authorized agent, and sent the letter with Defendant's consent, knowledge, and approval.

73.     B&S's letter sent to Mr. DeBrand constitutes an indirect attempt to collect the Debt from Mr. DeBrand by Defendant.

74.     Defendant's conduct served no purpose other than to annoy and harass Plaintiffs into paying the Debt by leading Plaintiffs to believe that despite Defendant receiving notice and possessing actual knowledge of Eva Donohue's legal representation of Plaintiffs with respect to the Debt and despite Plaintiffs revoking any purported prior express consent to call his Cellular Telephone using an ATDS or APV, Defendant could and would continue to communicate directly with Plaintiffs, including communications with Mrs. DeBrand's Cellular Telephone using an ATDS, PTDS, or APV—circumventing Eva Donohue's legal representation of Plaintiffs with respect to the Debt—unless and until Plaintiffs made payment to Defendant on the Debt. Defendant refused to cease engaging in such unlawful Debt collection conduct and continued to contact Mrs. DeBrand on her Cellular Telephone.

75.     Defendant's willful, flagrant and vulgar violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

76.     As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiffs re-allege paragraphs one (1) through sixty-five (65) as if fully restated herein and further state as follows:

77.     Defendant is subject to, and violated the provisions of, Florida Statutes,

Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiffs after receiving notice and possessing actual knowledge that Plaintiffs retained Eva Donohue with respect to the Debt and after possessing Eva Donohue's contact information.

78.     Specifically, Plaintiffs provided Defendant with notice and actual knowledge that Eva Donohue represented Plaintiffs with respect to the Debt and provided Defendant with Eva Donohue's contact information via the Fax of Representation.

79.     Despite possessing actual knowledge of Eva Donohue's representation of Plaintiffs with respect to the Debt and Eva Donohue's contact information, Defendant subsequently made *at least* sixty-nine (69) calls and three (3) text messages directly to Mrs. DeBrand's Cellular Telephone and sent *at least* one (1) collection letter directly to Mr. DeBrand in its attempt to collect the Debt.

80.     Moreover, despite possessing actual knowledge of Eva Donohue's representation of Plaintiffs with respect to the Debt and Eva Donohue's contact information, Defendant turned the Debt over to B&S for collection, and B&S sent *at least* one (1) collection letter directly to Mr. DeBrand in an attempt to collect the Debt.

81.     B&S sent the immediately-aforementioned collection letter on Defendant's behalf as Defendant's authorized agent, and sent the letter with Defendant's consent, knowledge, and approval.

82.     B&S's letter sent to Mr. DeBrand constitutes an indirect attempt to collect the Debt from Mr. DeBrand by Defendant.

83.     As such, Defendant attempted to collect the Debt directly from Plaintiffs, known represented parties in violation of Florida Statutes, Section 559.72(18).

84.     As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

16

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiffs re-allege paragraphs one (1) through sixty-five (65) as if fully restated herein and further states as follows:

85.     Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, PTDS, or APV to make a call to a telephone number assigned to a cellular telephone service without Mrs. DeBrand's prior express consent.

86.     At no time herein did Defendant possess Plaintiffs' prior express consent to call Mrs. DeBrand's Cellular Telephone or Mr. DeBrand's cellular telephone using an ATDS, a PTDS, or an APV.

87.     If Defendant contends it possessed such consent, Plaintiffs revoked any such purported consent through the Fax of Representation, which explicitly revoked any consent to call Mrs. DeBrand's Cellular Telephone or Mr. DeBrand's cellular telephone and demanded that Defendant direct any debt collection communications to Eva Donohue's office.

88.     Additionally, if Defendant contends the referenced phone calls were made for "informational purposes only," it nevertheless lacked the required prior express consent necessary to place such informational calls to Mrs. DeBrand's Cellular Telephone using an ATDS, PTDS, or APV.

89.     Between November 8, 2018 and December 6, 2018, despite lacking Mrs. DeBrand's prior express consent and despite Plaintiffs demanding that Defendant cease calling them regarding the Debt and direct any such communications to Eva Donohue's office, Defendant made *at least* sixty-nine (69) calls to Mrs. DeBrand's Cellular Telephone and sent *at least* three (3) text messages to Mrs. DeBrand's Cellular Telephone using an ATDS, PTDS, or APV.

90.     The telephone calls made by Defendant complained of herein are the result of a

repeated willful and knowing violation of the TCPA.

91.     As a direct and proximate result of Defendant's conduct, Mrs. DeBrand suffered:

a.     The periodic loss of her Cellular Telephone service and the cost associated therewith;

b.     Lost material costs associated with the use of peak time minutes allotted under her Cellular Telephone service contract; and

c.     Stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiffs respectfully request an entry of:

a.     Judgment against Defendant declaring that Defendant violated the FCCPA;

b.     Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.     Judgment providing injunctive relief, prohibiting Defendant from further engaging in conduct that violates the FCCPA and the TCPA;

d.     Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

e.     Judgment against Defendant for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

f.     Actual damages in an amount to be determined at trial;

g.     Punitive damages in an amount to be determined at trial;

h.      An award of attorneys' fees and costs; and

i.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Ian R. Leavengood*

**[X] Ian R. Leavengood, Esq., FBN 0010167**
**☐ Sean E. McEleney, Esq., FBN 0125561**
**☐ Kelly C. Burke, Esq., FBN 0123506**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
smceleney@leavenlaw.com
kburke@leavenlaw.com

~and~

**Eva M. Donohue, Esq., FBN 576581**
**EVA M. DONOHUE, P.A.**
P.O. Box 5074
Lakeland, FL 33807
Phone: (863) 687-6400
Fax: (863) 687-6440
info@emdlawfirm.com
*Attorneys for Plaintiffs*

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF FLORIDA            )
                            )
COUNTY OF ___*POlK*___      )

Plaintiff JUAN DEBRAND, having first been duly sworn and upon oath, deposes and states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.



JUAN DEBRAND

Subscribed and sworn to before me
this 21 day of JUNE, 2019.



Notary Public

My Commission Expires:

Proof of I.D.: FL D.L.



KACI D MULLINS
MY COMMISSION # FF906940
EXPIRES August 05, 2019
(407) 398-0153    FloridaNotaryService.com

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF FLORIDA          )

COUNTY OF __POIK__     )

Plaintiff JO DEBRAND, having first been duly sworn and upon oath, deposes and states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.



JO DEBRAND

Subscribed and sworn to before me
this 21st day of June, 2019.

Kaci D. Mullins
Notary Public

My Commission Expires:

Proof of I.D.: FL Identification card



**KACI D MULLINS**
MY COMMISSION # FF906940
EXPIRES August 05, 2019
(407) 398-0153   FloridaNotaryService.com